**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LISA M. BERNAL, <br><br> Plaintiff, <br><br> v. <br><br> PROVIDENCE HEALTH & SERVICES et al., <br><br> Defendants. | Case No. CV 20-10292-GW (JPR) <br><br> ORDER DISMISSING SECOND AMENDED COMPLAINT WITH PREJUDICE FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO STATE A CLAIM |

On November 9, 2020, Plaintiff, proceeding pro se, filed under seal a largely incomprehensible 181-page Complaint,[1] suing more than 100 individual and entity Defendants. She was subsequently granted leave to proceed in forma pauperis. On March 17, 2021, the Court granted her December 29, 2020 motion to amend the Complaint, ordering that the proposed First Amended Complaint she lodged with her motion be filed.[2] The FAC raised

---

[1] Plaintiff filed the Complaint under seal without any authority to do so; on February 16, 2021, after the Court so noted, she asked that it be unsealed.

[2] By March, Plaintiff had filed at least five motions for leave to amend the Complaint; the December 29 motion, however, was the most recent one accompanied by a complete copy of the proposed

1

39 causes of action, including civil-rights and employment-discrimination claims. In it she alleged the existence of a far-reaching conspiracy — involving private hospitals, municipalities, police departments, state and federal agencies, several labor unions, and numerous public employees and private individuals — that had caused various injuries to her and her family.

On April 12, 2021, the Court dismissed the FAC with leave to amend because it was "so unwieldy that the Court c[ould] not effectively screen it" under 28 U.S.C. § 1915(e)(2). (Order at 3, ECF. No. 62.) Instead, the Court identified several overarching problems with it for Plaintiff to fix. (Id. at 5-15.) It told her that if she did so, it would "then screen individual claims." (Id. at 3.) The Court dismissed some clearly improper claims with prejudice and instructed her not to include them in any amended complaint. (See id. at 13 & n.6, 14 & n.7.) It also noted that although much of the FAC appeared to be "delusional or fantastical," it would give her one chance to amend because buried in the FAC's allegations might be a "kernel" of an employment-law claim. (Id. at 8-9.) The Court observed that many of her claims involved entirely different events and Defendants and were thus misjoined. (Id. at 13-15.) The Court instructed her that she "must file a separate lawsuit for each set of related acts or omissions she claims violated her rights."

---

amended complaint, as required by Local Rule 15-1. Many of those motions, including the one the Court granted, stated that they were the "final" such motion. (See, e.g., Dec. 29, 2020 Mot. Amend at 1).

2

(Id. at 14.)  Further, the Court stated, in underlined lettering, that she "<u>must use the Court's forms</u>" — copies of which it supplied to her (see id., Attachs. 1 & 2, ECF No. 62) — "<u>to file any amended complaint in this action as well as to file any new civil lawsuits</u>."  (Id. at 15.)  The Court also advised her of the availability of help from the pro se clinics.  (Id. at 16.)  Finally, the Court warned Plaintiff in bold lettering that if she did not file an amended complaint "**complying with the Court's instructions, the Court may dismiss this action with prejudice**."  (Id.)

On May 7, 2021, Plaintiff filed a single Second Amended Complaint, which has ballooned to 285 pages (not counting voluminous attachments) and too many Defendants to count.  It is not on the required Court form, and it includes the claims the Court told her were dismissed with prejudice and should not be included in any amended complaint.  She has added even more frivolous allegations and prayers for relief — for example, she sues most of the Western states (see SAC at 5) and asks that adultery be made illegal (id. at 279).

Under Federal Rule of Civil Procedure 41(b), "the district court may dismiss an action for failure to comply with any order of the court."  <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260 (9th Cir. 1992) (as amended) (affirming district court's dismissal of action because pro se plaintiff failed to follow order to amend caption).  Indeed, district courts have inherent power to control their dockets, including the authority to dismiss lawsuits.  <u>Thompson v. Hous. Auth. of City of L.A.</u>, 782 F.2d 829, 831 (9th Cir. 1986) (citing <u>Link v. Wabash R.R.</u>, 370 U.S. 626 (1961)).

Because dismissal is a harsh penalty, it should be imposed only in "extreme circumstances." Id. But the harshness of the penalty is "directly proportionate to the likelihood that plaintiff would prevail if permitted to go forward to trial." McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (citation omitted).

Before dismissing a lawsuit under Rule 41(b), a court should weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." Ferdik, 963 F.2d at 1260-61 (citation omitted).

Here, the first, second, third, and fifth factors militate in favor of dismissal. This lawsuit has been pending since November 2020, more than six months, and despite numerous attempts Plaintiff still has not filed a viable complaint; instead of following the Court's instructions on how to do so, she has repeatedly wasted its time and resources (and the Ninth Circuit's, with an appeal that was ultimately dismissed) with numerous baseless notices and requests. (See, e.g. Order at 1-2 n.2, ECF No. 62); Ferdik, 963 F.2d at 1261 (noting that first two factors "strongly support" dismissal when case "consumed large amounts of the court's valuable time"). And requiring scores of Defendants to defend themselves against allegations that are conclusory and nonsensical, if not absent entirely as to some Defendants, would surely prejudice them. Thus, no less drastic sanction is available, as the SAC fails to state a claim and

4

should not be ordered served, and Plaintiff is unable or unwilling to follow the Court's instructions to fix it.[3]

Although the fourth factor weighs against dismissal — as it always does — together the other factors outweigh the public's interest in disposing of the case on its merits, particularly given its frivolousness. See Seto v. Thielen, 519 F. App'x 966, 969 (9th Cir. 2013) (upholding dismissal of complaint when "[p]laintiffs repeatedly failed to comply with the district court's orders directing them to remedy the drastic shortcomings of their pleadings" and "were warned several times that failure to comply . . . would result in automatic dismissal").

**ORDER**

For the reasons discussed above, this action is dismissed with prejudice for failure to comply with the Court's orders and failure to state any claim, and for the reasons stated in the April 12 dismissal order.

DATED: May 17, 2021

_____
GEORGE H. WU
U.S. DISTRICT JUDGE

Presented by:

_____
Jean P. Rosenbluth
U.S. Magistrate Judge

---

[3] It may be Plaintiff's intent to stand on her complaint as written. That is certainly her right, see Edwards v. Marin Park, Inc., 356 F.3d 1058, 1063-64 (9th Cir. 2004), but it does not obligate the Court to order the SAC served. Rather, her recourse is to take an appeal from this dismissal order. See id.

5